UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER BELL,

              Plaintiff,

    -v-

BARUCH COLLEGE – CUNY,

              Defendant.

No. 16-CV-08378 (VSB)

**ANSWER TO**
**AMENDED COMPLAINT**

---

Defendant City University of New York ("CUNY"),[1] by its attorney, Eric T. Schneiderman, Attorney General of the State of New York, answers the allegations set forth the Amended Complaint of Plaintiff Christopher Bell ("Plaintiff"), filed on December 29, 2016 (the "Complaint"), as follows:

CUNY denies the allegations contained in any unnumbered heading contained in the Complaint.

CUNY denies any allegations in the Complaint that are not specifically addressed herein. This answer is based upon information currently available to the CUNY and it reserves the right to supplement or amend the answer as needed.

**Complaint Form**

CUNY admits that the Cover Page of the Complaint identifies the laws pursuant to which Plaintiff purports to bring his claims in the instant matter, but denies that such claims have merit. Moreover, CUNY affirmatively avers that in an Opinion and Order, dated March 9, 2018

---

[1] The proper defendant in this case is CUNY. Baruch College is a senior college in the CUNY system. It is not a legally cognizable entity separate and apart from CUNY and cannot be separately sued. N.Y. Educ. Law §§ 6202(2) and (5), 6203; Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam); see e.g., Miles v. Baruch Coll., No. 07-cv-1214(CPS)(RLM), 2008 WL 222299, at *1 & nn.3-4 (E.D.N.Y. Jan. 25, 2008).

1

(the "Order"), the Court dismissed Plaintiff's claim under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. (the "NYCHRL") in its entirety, as well as his sexual harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Accordingly, Plaintiff's only remaining claim in this case is his Title VII retaliation claim.

I.  CUNY admits that the plaintiff and the employer at issue in the instant matter are identified in Section I ("Parties") of the Complaint, except denies knowledge or information regarding the accuracy of the address listed for Plaintiff, and affirmatively avers that the proper defendant in this case is CUNY, not Baruch College – CUNY.

II.  CUNY denies the allegations in Section II ("Statement of Claim") of the Complaint. The "additional information" referenced in Part E of Section II, which is contained in an attachment to the Complaint, is answered separately below.

III.  CUNY denies knowledge or information sufficient to form a belief as to the allegations in Section III ("Exhaustion of Federal Administrative Remedies"), except admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

IV.  CUNY admits that the relief sought by Plaintiff in the instant lawsuit is identified in Section IV ("Relief") of the Complaint, but denies that he is entitled to any such relief.

**Attachments to Complaint**

CUNY answers the allegations set forth in the attachment to the Complaint (the "Attachment"), referenced as "additional information" in Part E of Section II, and located at pages 7-10 of the Complaint,[2] as follows:

---

[2] The Complaint was filed as Document No. 8 on the Court's docket without any page numbers. These page numbers refer to those assigned to the Complaint by the Court's electronic filing system.

2

1. Denies the allegations in paragraph 1 of the Attachment.[3]

2. Admits the allegations in paragraph 2 of the Attachment, except denies knowledge or information sufficient to form a belief as to the necessity of memorization to process residency applications. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Attachment. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

4. Admits the allegations in paragraph 4 of the Attachment, except denies knowledge or information sufficient to form a belief as to Plaintiff's state of mind. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

5. Denies the allegations in paragraph 5 of the Attachment. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Attachment, except denies that there were any "retaliatory efforts" against Plaintiff. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

---

[3] The Attachment does not contain any paragraph numbers. These paragraph numbers refer to the consecutive order of the paragraphs in the Attachment starting at page 7 of the Complaint (i.e. the first paragraph is "paragraph 1," the second paragraph is "paragraph 2," and so on).

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Attachment, except denies that there was any "verbal abuse" or "continuous effort of retaliation" against Plaintiff. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Attachment. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Attachment, except denies that Plaintiff was ever "verbally threatened." With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

10. Denies the allegations in paragraph 10 of the Attachment. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof.

11. Denies the allegations in paragraph 11 of the Attachment. With respect to the referenced exhibit and case law, CUNY respectfully refers the Court to the exhibit and case law themselves for their contents, and denies any characterizations thereof.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Attachment. With respect to the referenced exhibit and case law, CUNY respectfully refers the Court to the exhibit and case law themselves for their contents, and denies any characterizations thereof.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Attachment, except denies that any "retaliatory actions" were taken against Plaintiff. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Attachment, except denies that any actions were taken "to besmirch [Plaintiff's] record." With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Attachment, except denies that there were any "efforts to undermine [Plaintiff's] work performance."

16. Denies the allegations in paragraph 16 of the Attachment, except admits that Plaintiff was reassigned from Residency Processing on or about January 6, 2016 due to his performance issues. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof.

17. Denies the allegations in paragraph 17 of the Attachment. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Attachment, except denies that "all three instances was [sic] proved false." With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Attachment. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof.

20. Denies the allegations in paragraph 20 of the Attachment. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof. Moreover, CUNY notes that the allegations in this paragraph exclusively relate to Plaintiff's sexual harassment claim, which was dismissed by the Court in the Order.

21. The allegations in paragraph 21 of the Attachment consist entirely of quotations from a document attached as an exhibit to the Complaint. Accordingly, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof. Moreover, CUNY notes that the allegations in this paragraph exclusively relate to Plaintiff's sexual harassment claim, which was dismissed by the Court in the Order.

22. The allegations in paragraph 22 of the Attachment consist entirely of quotations from a document attached as an exhibit to the Complaint. Accordingly, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof. Moreover, CUNY notes that the allegations in this paragraph exclusively relate to Plaintiff's sexual harassment claim, which was dismissed by the Court in the Order.

23. The allegations in paragraph 23 of the Attachment consist entirely of quotations from a document attached as an exhibit to the Complaint. Accordingly, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof.

24. Denies the allegations in paragraph 24 of the Attachment. With respect to the referenced document, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof.

25. The allegations in paragraph 25 of the Attachment consist entirely of quotations from a document attached as an exhibit to the Complaint. Accordingly, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof. Moreover, CUNY notes that the allegations in this paragraph exclusively relate to Plaintiff's sexual harassment claim, which was dismissed by the Court in the Order.

26. The allegations in paragraph 26 of the Attachment consist entirely of quotations from a document attached as an exhibit to the Complaint. Accordingly, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof.

27. Denies the allegations in paragraph 27 of the Attachment. With respect to the referenced document, CUNY respectfully refers the Court to the document itself for its contents, and denies any characterizations thereof.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Attachment. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

29. Denies the allegations in paragraph 29 of the Attachment, except admits that Plaintiff's first evaluation was satisfactory, that he refused to sign his second evaluation, and that his third and final evaluation took place on or about February 29, 2016. With respect to the referenced exhibit, CUNY respectfully refers the Court to the exhibit itself for its contents, and denies any characterizations thereof.

30. Denies the allegations in paragraph 30 of the Attachment. With respect to the referenced exhibits, CUNY respectfully refers the Court to the exhibits themselves for their contents, and denies any characterizations thereof.

## Additional Defenses

For further and separate defenses to the causes of action alleged by Plaintiff in the Complaint, and without admitting that CUNY has the burden of proof on any fact, issue, element of a cause of action, or any of these matters, or that anything stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations, CUNY alleges as follows.

## First Defense

1. Plaintiff fails to state a claim upon which relief can be granted.

## Second Defense

2. Plaintiff failed to mitigate his damages, if any.

## Third Defense

3. All of the employment decisions at issue were made for legitimate, non-discriminatory and non-retaliatory reasons.

## Fourth Defense

4. Any injuries or damages alleged in the Complaint were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

## Fifth Defense

5. CUNY intends to rely upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action, and reserves the right to amend this answer to assert such defense or defenses.

WHEREFORE, CUNY respectfully demands judgment dismissing the Complaint and granting such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
       March 23, 2018

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
<u>Attorney for CUNY</u>
By:

/s/ Eva L. Dietz

Eva L. Dietz
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-6211
Eva.Dietz@ag.ny.gov